IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JACOB W. RAGSDALE                                                              PLAINTIFF

v.                          Civil No. 05-5120

WASHINGTON COUNTY DETENTION CENTER                              DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Jacob W. Ragsdale brings this pro se civil rights action under 42 U.S.C. § 1983, stating his constitutional rights were violated in the treatment he received while detained in the Washington County Detention Center. The complaint was filed in forma pauperis (IFP), subject to a later determination of whether the complaint should be served on the defendant. On August 17, the undersigned entered an order (Doc. 8) directing the plaintiff to complete, sign, date, and return an addendum to his complaint; the addendum (Doc. 9) was filed on September 13, 2005

**I. Background**

According to his complaint (Doc. 1) and addendum (Doc. 9), plaintiff was detained at the Washington County Detention Center (WCDC) from April 15 through July 1, 2005. (Doc. 9 at ¶ 7.) He was awaiting trial on pending charges. (Doc. 9 at ¶ 6.)

Approximately two weeks after entered the WCDC, plaintiff noticed a rash forming on his chest, back, stomach, and arms. (Doc. 1.) He put in a medical request, and he saw Dr. John Mills on or about May 11. (Doc. 1, Doc. 9 at ¶ 2.) Plaintiff indicates that he would like to substitute Dr. John Mills as a defendant in this action. (Doc. 9 at ¶ 1.) He does not indicate that there are any other defendants to be substituted. (Doc. 9 at ¶ 1.)

Dr. Mills prescribed Benadryl and hydrocortisone cream for the rash. (Doc. 1.) The

AO72A
(Rev. 8/82)

Benadryl was to treat the itching, and Ragsdale received thee pills each day--in the morning, afternoon, and evening. (Doc. 9 at ¶ 4.) The hydrocortisone was to treat the rash itself, and Ragsdale received this medication in a cup once a day. (Doc. 9 at ¶ 4.)

On or about May 25, Ragsdale returned to Dr. Mills to report that the treatments were not working. Dr. Mills responded that he did not know what was causing Ragsdale's rash and that all he could do was continue the Benadryl and hydrocortisone treatments. (Doc. 1.)

After his release from the WCDC, Ragsdale was transferred to the Grimes Unit of the Arkansas Department of Correction, where a Dr. Collins determined that the rash was caused by a fungus. Dr. Collins prescribed a shampoo and lotion which have eliminated the rash, but Ragsdale still has some problems with his skin pigmentation as a result of the rash. (Doc. 9 at ¶¶ 8-9.)

Ragsdale contends that Dr. Mills was deliberately indifferent towards his serious medical needs because Dr. Mills saw the rash and "told [Ragsdale] he didn't know what it was. [Dr. Mills] didn't even show a hint of caring either. He could've done something to find out what it was." (Doc. 9 at ¶ 8.)

## II. Discussion

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. "To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must show [1] a deprivation [under color of law] of [2] a right, privilege, or immunity secured by the Constitution or the laws of the United States." *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). "[T]o establish a violation of constitutional rights under § 1983, the plaintiff must prove

that the defendant's unconstitutional action was the 'cause in fact' of the plaintiff's injury." *Butler v. Dowd*, 979 F.2d 661, 669 (8th Cir. 1992).

In this case, the plaintiff was a pretrial detainee. Thus, his claims are more properly analyzed under the due process clause of the Fourteenth Amendment than the Eighth Amendment. *Hartsfield v. Colburn*, 371 F.3d 454, 456-457 (8th Cir. 2004). "The standard to be applied in assessing a pretrial detainee's claim of due process violations . . . is not entirely clear." *Spencer v. Knapheide Truck Equipment Co.*, 183 F.3d 902, 906 (8th Cir. 1999)(citation omitted). Nevertheless, "[t]he Supreme Court has held that pretrial detainees are entitled under the Fourteenth Amendment to 'at least as great' protection as that afforded convicted prisoners under the Eighth Amendment." *Id.* (*quoting City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244, 103 S. Ct. 2979, 77 L. Ed. 2d 605 (1983).

In the absence of a clearly binding standard, the Eighth Circuit in analyzing inadequate medical care claims brought by pretrial detainees has applied the Eighth Amendment's deliberate indifference standard. *See e.g., Hartsfield*, 371 F.3d at 456-457; *Spencer,* 183 F.3d at 905-06; *Hall v. Dalton*, 34 F.3d 648, 650 (8th Cir. 1994) (analyzing a pretrial detainee's claim of inadequate medical care under the deliberate indifference standard). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those

AO72A
(Rev. 8/82)

needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (*quoting Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)). Additionally, "'[t]he prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.'" *Jolly*, 205 F.3d at 1096 (*quoting Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir.1995)). *See also Gregoire v. Class*, 236 F.3d 413, 417 (8th Cir. 2000) ("To establish a constitutional violation, it is not enough that a reasonable official should have known of the risk, a plaintiff must establish that the official in question did in fact know of the risk.").

"Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992). "A medical need is serious if it is obvious to the layperson or supported by medical evidence." *Moore v. Jackson*, 123 F.3d 1082, 1086 (8th Cir. 1997) (per curiam) (internal quotation and citation omitted).

"[T]he failure to treat a medical condition does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge." *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996). In *Dulany v. Carnahan*, 132 F.3d 1234 (8th Cir. 1997), the Eighth Circuit said:

> As long as this threshold is not crossed, inmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment. Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison

doctors who fail to respond to prisoner's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 103, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976). Mere negligence or medical malpractice, however, are insufficient to rise to a constitutional violation. *Id.* at 106, 97 S. Ct. at 292.

*Dulany*, 132 F.3d at 1239. *See also Tlamka v. Serrell*, 244 F.3d 628, 633 (8th Cir. 2001).

What plaintiff is alleging is that Dr. Mills was negligent in failing to determine what was causing his rash and then treating it properly. This claim does not rise to a constitutional violation. Dr. Mills prescribed medications to treat the plaintiff, and plaintiff received those medications. Simply because Dr. Mills was incorrect in his diagnosis and prescribed treatment does not state a claim under section 1983.

### III. Conclusion

Therefore, I recommend that plaintiff's complaint be dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Ragsdale has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. Ragsdale is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of January 2006.

                                     **/s/ Beverly Stites Jones**
                                     _____
                                     HON. BEVERLY STITES JONES
                                     UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)